I concur in the majority's disposition of the appeal. I write separately to explain my reasons for doing so.
In its discussion of appellant's first assignment of error, the majority seems to suggest appellant's position is the employment contract created, in effect, an employment-at-will relationship.[1] I believe appellant's argument is exactly the opposite. Appellant contends the trial court misinterpreted the applicable contract provision by construing it to create an employment-at-will relationship.[2] It is appellant's position the contract provides for termination only upon a demonstration of just cause.
I believe the contract creates a hybrid relationship. It creates an employment-at-will relationship with respect to appellant's services as an employee, but requires just cause for termination based upon appellant's conduct. Because appellee's decision to terminate appellant's employment was based, in part, on its dissatisfaction with appellant's services, I agree summary judgment in appellee's favor is appropriate.
With respect to appellant's second assignment of error, unlike the majority, I would strike paragraph #3 of the Scott affidavit because it does not establish the facts therein are based upon the affidavit's personal knowledge. However, such deletion does not change the outcome.
With respect to appellant's third assignment of error, I agree with the majority the Pfuderer letter is inadmissible. I do so because it is neither signed nor otherwise authenticated.
As to the Furlin letter[3], while I find it is of some limited relevance because it arguable impeaches the credibility of Furlin's unsigned letter wherein she alluded to appellant's intemperance[4], its exclusion is not prejudicial because it does not impact appellee's decision to discharge appellant for its dissatisfaction with his services.
[1] Majority Opinion at 6.
[2] Appellant's Brief at 10, 22.
[3] Ms. Furlin is appellee's managing director. Ms. Furlin's unsigned letter was attached to the affidavit of Dr. Warren, Chair of appellee's Personal Committee and member of its Board of Trustees, and was offered by appellee in support of its motion for summary judgment.
[4] When so considered, the Furlin letter is not hearsay. Even if considered for the truth of the matters asserted therein, the letter is not hearsay because it is an admission by a party-opponent under Evid.R. 801(D)(2).